[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15306
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-20108-DMM-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNSON THELISMA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 8, 2015)

Before WILSON, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Johnson Thelisma appeals his conviction and 360-month sentence for conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846.  On appeal, Thelisma argues that the district court erred in finding credible the testimony of his trial counsel, Ana Davide; specifically, that she presented Thelisma with a second plea offer from the government at an evidentiary hearing.  In addition, Thelisma contends that this error caused the district court to err in concluding that that his trial counsel was constitutionally effective, err in applying the wrong legal standard for determining ineffective assistance of counsel, and err in sentencing him 120 months above the statutory limit.  If Thelisma's arguments with respect to the district court's credibility determination fail, then we need not address Thelisma's ineffective assistance of counsel and sentencing claims because those claims are contingent upon whether the district court's credibility determinations were erroneous.

We accord considerable deference to the district court's credibility findings. *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002).  "Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses." *Id*.  On review, we will accept the district court's credibility determination "unless it is contrary to the laws of nature,

or is so inconsistent or improbable on its face that no reasonable factfinder could accept it." *Id.* (internal quotation marks omitted).

Here, Thelisma has not demonstrated any basis for rejecting the credibility determinations. Davide's testimony at the second hearing that she presented the government's second plea offer to Thelisma on August 1 while in the marshal's lockup at the courthouse was detailed, consistent with her first hearing testimony in material respects, and supported by documentary evidence, which included her personal records, documents from the government, and visitor logs from the marshal's lockup. The district court was able to hear Davide and Thelisma testify and observe their demeanor in order to determine the credibility of their statements, and none of Thelisma's arguments have demonstrated that Davide's testimony was contrary to the laws of nature or unacceptable to a reasonable factfinder. *Ramirez-Chilel*, 289 F.3d at 748–49. We also note that Thelisma has not challenged the district court's determination that his testimony was not credible, and has, therefore, abandoned any such challenge. *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) (noting that an appellant waives a claim on appeal when he either makes no reference to it, only passing references to it, or raises it in a perfunctory manner without supporting arguments and authority).

Accordingly, we defer to the district court's determination that Davide's testimony regarding the presentation of the second plea offer to Thelisma was credible.  Because we hold that the district court did not err in its credibility determinations, we need not address Thelisma's ineffective assistance of counsel and sentencing claims.

**AFFIRMED.**